**STARK & STARK**
A Professional Corporation
Timothy P. Duggan, Esq (TD-3231)
993 Lenox Drive, Bldg. 2
Lawrenceville, NJ 08648-2389
(609) 896-9060
Attorneys for Farm Credit East, ACA

| | |
|---|---|
| In the Matter of:<br><br>ANTHONY M. MORTELLITE, JR., and COLLEEN MORTELLITE,<br><br>                      Debtors.<br><br>In the Matter of:<br><br>BLUES BROTHERS, LLC.,<br><br>                      Debtor. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CASE NO. 17-21818 (ABA)<br><br><br><br>CASE NO. 17-21820 (ABA)<br><br>**PLAN OBJECTION MEMORANDUM (EVIDENCE ISSUES)** |

       The Court set a deadline for the Debtors to produce expert reports in an Order entered October 26, 2017 (Doc # 55). Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires that an expert's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Further, Rule 26(a)(2)(c) provides that "a party must make these [expert] disclosures at the time and in the sequence that the court orders." Federal Rule of Bankruptcy Procedure 9014(c) provides that Federal Rule of Civil Procedure 26 applies to contested matters, with an exception for certain disclosures including Rule 26(a)(2) (disclosures regarding experts). Here, the October 26, 2017, Order does require expert disclosures which implicitly incorporates the obligations under Rule 26(a)(2). In fact, Farm Credit's counsel raised this very issue at the last hearing resulting in the October 26, 2017 Order – expert reports with full disclosure of facts and opinions.

Based on the Court's Order and the Federal Rules of Civil Procedure, Farm Credit East, ACA ("FCE") seeks to provide the Court and Debtors' counsel with several evidence issues to be raised at the commencement of the trial on the Debtors' Second Amended Plan. Farm Credit waited until it received all of the Debtors' evidence, including finalizing the stipulation on the value of the equipment and certain issues concerning tax returns. Based upon these final submissions, FCE anticipates on the following evidence issues to be addressed before the trial starts.

1. **Scope of Accountant's Testimony.**

The Debtors produced a Certification and revised budget prepared by the Debtors' accountant (DOC # 153), which we assume is the expert report. The expert provides one professional opinion: based upon his review of information provided by the Debtors, "*my ultimate conclusions on feasibility are that the payment proposed which are set forth in my projections marked Exhibit "A" are reasonably probable of being met.*" There are no other opinions.

Farm Credit objects to any opinions that are not set forth in the report. Among the issues not in the report are the following:

(a) No opinion on valuation of any assets;

(b) No opinion on the value of plants or crops;

(c) No opinion or interpretation of federal tax returns, except for income and expense information the accountant may have reviewed when projecting income, if any.

The Chapter 12 Trustee and FCE should not have to wait until the accountant testifies to determine whether or not he has any other opinions. The report is limited to a single issue – feasibility of plan payments.

FCE reserves its right to challenge the qualifications of the accountant and make other objections.

-2-

4817-1372-9877, v. 1

2. <u>**No Valuation Opinion on Blueberry Bushes**</u>

The Debtors' appraiser did not value the blueberry bushes or the blueberry operation. Attached hereto as Exhibit "A" are certain relevant pages of the deposition transcript of the Debtors' appraiser. At the deposition, Mr. Kay testified (see page 16) that:

```
8    Q. Okay. But you did not arrive at a
9    value of a blueberry producing farm, correct?
10   A. I arrived at the value for the land. I'm not
11   competent, basically, to deal with agricultural
12   business operation. I make a distinction, okay.
13   I'm a real estate appraiser.
14   Q. And just to be clear, you did not value
15   the blueberry bushes, correct?
16   A. Correct. Absolutely not.
17   Q. And you did not value the blueberry
18   crops, correct?
19   A. Correct.
```

The accountant did not provide any opinion of the value of the bushes or crops. Accordingly, the Debtors have offered no expert testimony on the value of the blueberry bushes or crops.

FCE's appraiser does value the land and bushes.

-3-

    3.    <u>**No Testimony on the Replacement Value of a Blueberry Farm**</u>

Mr. Kay testified that he did not opine to the replacement value of a blueberry farm. At Mr. Kay's deposition (page 17) he stated:

| | |
|---|---|
| 3 | You did not determine what the debtor |
| 4 | would have to pay to replace an identical farm with |
| 5 | blueberry bushes that produce a crop, correct? |
| 6 | **A. A replacement cost estimate deals with a** |
| 7 | **contributory value of structures that are part of** |
| 8 | **the real estate. I did not determine a replacement** |
| 9 | **cost estimate formally of the buildings on the real** |
| 10 | **estate.** |
| 11 | Q. And how about the replacement cost of |
| 12 | the blueberry bushes, themselves? |
| 13 | **A. Again, I did not determine cost estimate for** |
| 14 | **them.** |
| 15 | Q. So you do not have an opinion of what |
| 16 | it would cost the property owner to go out and |
| 17 | replace this farm with both the land and the |
| 18 | blueberry bushes intact? |
| 19 | **A. I don't have any idea as to how to value or** |
| 20 | **any cost -- how to develop blueberry land, how to** |
| 21 | **put the bushes in there. I don't have -- that's not** |
| 22 | **my expertise.** |

-4-

At the end of his deposition, Mr. Kay was asked again about what he actually valued (p. 57):

5    Q. And you did not include any

6    contributory value for the blueberry bushes?

7    **A. Correct.**

8    Q. And your overall opinion is strictly of

9    the real estate, subject to the easements we looked

10    at that what that real estate would sell as a land

11    value only?

12    **A. Correct.**

As argued in FCE's objection to the plan, the valuation standard for this case is the replacement value. Here, Mr. Kay admits he did not determine the replacement cost of the farm and bushes – just the land. As a result, his testimony is not relevant since it uses the wrong valuation standard. Also, Mr. Kay states he is not qualified to offer an opinion on how to value the blueberry operation.

FCE's expert did value the farm as a blueberry operation which is the replacement value of the farm.

4.    Conclusion

The purpose of this Memorandum is to provide the Court and Debtors' counsel with notice of objections that FCE intends to make at the time evidence is introduced. FCE intends to make additi0onal objections to proposed testimony, but these issues should be addressed at the outset of the trial.

> STARK & STARK,
> A Professional Corporation
> Attorneys for Farm Credit East, ACA
>
> By: /s/ *Timothy P. Duggan*
>     TIMOTHY P. DUGGAN

Dated: November 15, 2017

4817-1372-9877, v. 1

# EXHIBIT "A"

```
 1   113 acres clear and suitable for tillage.
 2        Q.    So it could be suitable for any type of
 3   crop that a potential owner would use?
 4   A.   Lawn sod, corn, soybeans, nursery stock.  I'm
 5   just thinking if there's anything else that comes to
 6   mind.  Certainly blueberries.  Trees or Christmas
 7   trees and property, that sort of thing.  Yes.
 8        Q.    Okay.  But you did not arrive at a
 9   value of a blueberry producing farm, correct?
10   A.   I arrived at the value for the land.  I'm not
11   competent, basically, to deal with agricultural
12   business operation.  I make a distinction, okay.
13   I'm a real estate appraiser.
14        Q.    And just to be clear, you did not value
15   the blueberry bushes, correct?
16   A.   Correct.  Absolutely not.
17        Q.    And you did not value the blueberry
18   crops, correct?
19   A.   Correct.
20        Q.    Now, you also state in your cover page,
21   "We consider, but did not determine a replacement
22   cost estimate?"
23   A.   Correct.
24        Q.    Do you see that there?
25   A.   Uh-huh.
```

1    Q.    Okay. So you did not arrive at a
2    value -- let me rephrase that.
3         You did not determine what the debtor
4    would have to pay to replace an identical farm with
5    blueberry bushes that produce a crop, correct?
6    A.    A replacement cost estimate deals with a
7    contributory value of structures that are part of
8    the real estate. I did not determine a replacement
9    cost estimate formally of the buildings on the real
10   estate.
11   Q.    And how about the replacement cost of
12   the blueberry bushes, themselves?
13   A.    Again, I did not determine cost estimate for
14   them.
15   Q.    So you do not have an opinion of what
16   it would cost the property owner to go out and
17   replace this farm with both the land and the
18   blueberry bushes intact?
19   A.    I don't have any idea as to how to value or
20   any cost -- how to develop blueberry land, how to
21   put the bushes in there. I don't have -- that's not
22   my expertise.
23   Q.    So you don't have the expertise to
24   value a farm subject to 80 acres of blueberry bushes
25   that are producing a crop?

1  correct?

2  **A.     Uh-huh.**

3     Q.    Is that correct?

4  **A.     Correct.**

5     Q.    And you did not include any
6  contributory value for the blueberry bushes?

7  **A.     Correct.**

8     Q.    And your overall opinion is strictly of
9  the real estate, subject to the easements we looked
10 at that what that real estate would sell as a land
11 value only?

12 **A.     Correct.**

13         MR. DUGGAN:  I have no further
14 questions.

15         MR. KASEN:  No questions.

16         MR. SWITKES:  No questions.

17         (Time noted: 11:31 a.m.)