UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re:<br><br>Anthony M. Mortellite, Jr. and<br>Colleen Mortellite,<br><br>Debtors | Case No.: 17-21818-ABA<br><br>Chapter: 12<br><br>Jointly Administered |
|---|---|
| Blues Brothers, LLC,<br><br>Debtor | Case No.: 17-21820-ABA<br><br>Chapter: 12<br><br>Judge: Andrew B. Altenburg, Jr. |

**MEMORANDUM DECISION**

### I. INTRODUCTION

Does 11 U.S.C. § 1205(b)(4) bar a secured creditor from seeking, as part of adequate protection, allowance of an administrative expense priority claim. For the reasons set forth below, the court finds that the answer is "no."

### II. JURISDICTION AND VENUE

The court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 1205 and 507(b). Pursuant to Fed. R. Bankr. P. 7052, the court issues the following findings of fact and conclusions of law.

### III. PROCEDURAL HISTORY

On June 6, 2017, Anthony M. Mortellite, Jr. and Colleen Mortellite ("Mortellite") and Blues Brothers, LLC ("Blues Brothers", collectively with Mortellite, "Debtors") filed their voluntary chapter 12 bankruptcy petitions. On that same day, the Debtors filed their Motion for Joint Administration, which was granted. Also, the Debtors filed their Motion to Use Cash Collateral whereby they sought to use the cash collateral of Farm Credit East, ACA ("FCE" or "Farm Credit"). That motion was resolved through a series of orders, the terms of which were agreed upon and/or consented to by the Debtors. Relevant to this opinion is that the cash collateral orders specifically contained a provision that provided FCE with an administrative expense priority claim for cash collateral used by the Debtors. Eventually, FCE filed its Motion to Compel Payment of Administrative Expenses to which the Debtors objected. The parties submitted pleadings in support of their positions and oral argument was heard on December 1, 2017. The court granted the motion setting forth its oral decision on the record.[1] FCE was instructed to submit a form of order memorializing the court's decision. This opinion supplements that order entered simultaneously herewith.

### IV. FACTS

On June 6, 2017, the Debtors, recognizing that they would not have sufficient funds to satisfy the necessary operating and maintenance costs that were critical to their farming business operations, filed their Motion to Use Cash Collateral. Doc. No. 8. In connection therewith, the Debtors acknowledged the need for authorization to use cash collateral and proposed to make a $6,720 adequate protection payment to FCE. It was not disputed that adequate protection was mandated and as such, the Debtors negotiated an Order Authorizing Use of Cash Collateral on an Interim Basis. On June 26, 2017, the court entered the Order that ultimately provided for a final hearing date of July 12, 2017. Doc. No. 22.

On the return date for the final hearing on the cash collateral motion, the court oversaw settlement discussions between the Debtors and FCE concerning the continued use of cash collateral. Ultimately, after extensive negotiations, a new cash collateral order was agreed upon and on July 13, 2017, the court entered the Second Interim Order Authorizing Use of Cash Collateral on an Interim Basis and Adjourning Final Hearing Date. Doc. No. 47. That negotiated order provided, *inter alia*, for adequate protection to FCE by way of a cash payment, a replacement lien that was deemed perfected, and, important to this decision, statutory rights under section 507(b) specifically as follows:

> To the extent any Cash Collateral is used by the Debtors, Farm Credit shall have a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtors under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding. The superpriority claim granted to Farm Credit shall be subordinate to any allowed claim for legal fees and expenses of the Debtor's counsel, any commissions allowed to the Chapter 12 Trustee, any allowed claim for fees and

---

[1] The court's oral opinion is incorporated herein.

expenses for counsel for the Chapter 12 Trustee and any allowed claim for the trustee and his/her professionals in any successor Chapter 7 proceeding.

Doc. No. 47. That Order also provided for a final hearing date of August 2, 2017.

On the return date for the rescheduled final hearing on the cash collateral motion, the court once again oversaw settlement discussions concerning the continued use of cash collateral. Ultimately, a final cash collateral order was negotiated between the Debtors and FCE, and on August 9, 2017, the court entered the Final Order Authorizing Use of Cash Collateral, Adjourning Stay Relief Motion, Scheduling Confirmation Hearing, and Granting Other Relief, reflecting the agreed-upon terms as a result of the parties' negotiations. Doc. No. 65. That negotiated order again specifically provided for adequate protection by way of another cash payment, a replacement lien and the identical statutory rights under Section 507(b). The Debtors concede that adequate protection has been provided to FCE by them pursuant to 11 U.S.C. § 363. Doc. No. 163.

In its objection to the Debtors' original plan, FCE indicated that it would be seeking payment of its administrative claim. Doc. 97. Confirmation of the Debtors' original plan was denied due to a lack of feasibility. The Debtors were given permission to file a modified plan pursuant to Section 1208(c)(5). Thereafter, FCE filed its Motion to Compel Payment of Administrative Expenses, seeking $158,262 as an administrative claim. FCE provided evidence supporting that amount.[2] The Debtors objected, essentially arguing that Section 1205(b)(4) bars allowance of an administrative expense priority claim to a secured creditor as part of adequate protection and therefore, FCE is not entitled to payment of an administrative claim. Doc. No. 163.

V.     **LEGAL DISCUSSION**

Since the postpetition crops to be harvested from the Debtors' real property were subject to FCE's lien, when those crops are or were converted into cash postpetition, that cash becomes or became cash collateral of FCE. *In re Anderson*, 137 B.R. 819, 822 (Bankr. D. Colo. 1992). Recognizing this, the Debtors sought to provide FCE with adequate protection pursuant to Section 1205 due to their use of its cash collateral.[3] Section 1205(a) specifically provides that adequate protection under Section 361 of the Code does not apply in Chapter 12 cases. 11 U.S.C. § 1205(a). Instead, Section 1205(b) lists four different non-exclusive/non-exhaustive forms of providing adequate protection in a chapter 12 case. In short they are cash payments, replacement liens, rent, and "other relief", other than entitling such entity to an administrative expense priority claim. 11 U.S.C. § 1205(b).

In this case, a negotiated consensual cash collateral order provided for adequate protection through various forms of relief. One form of relief was specifically an allowance of administrative expense priority claim for FCE. A negotiated consent order is a contract and becomes a court decree. *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986). The Third Circuit

---

[2] The Debtors' arguments as to the impropriety of this amount are unpersuasive.

[3] As the parties consensually resolved the Motion for Use of Cash Collateral, the court was not tasked with determining whether adequate protection was actually required. Instead the parties negotiated what they believed was appropriate in light of the circumstances of this case and the court was not inclined to set aside the resolution achieved by the parties.

tells courts that, when interpreting consent decrees, "[t]he parties are bound by the 'objective definition of the words they use to express their intent,' including the specialized meaning of any legal terms of art." *United States v. State of New Jersey*, 194 F.3d 426, 430 (3d Cir. 1999) (citing *In re Unisys Corp.*, 97 F.3d 710, 715 (3d Cir. 1996)). Moreover, this court has held that cash collateral orders are construed by applying normal contract interpretation provisions. *In Re Glob. Prot. USA, Inc.*, 546 B.R. 586, 607–08 (Bankr. D.N.J. 2016)(citing *In re Residential Capital, LLC*, 501 B.R. 549, 621 (Bankr. S.D.N.Y. 2013)). "Thus, where terms of a contract are clear and unambiguous, the court is to understand them in their 'plain, ordinary and popular sense.'" *Glob. Prot. USA, Inc.*, 546 B.R. at 608 (citing *U.S. Fid. & Guar. Co. v. Guenther,* 281 U.S. 34, 37, 50 S.Ct. 165, 74 L.Ed. 683 (1930)).

Here, the intent of the parties is clear and unambiguous, in exchange for use of its cash collateral, FCE was to specifically receive an administrative expense priority claim. The Debtors provided, as a result of a negotiated contract, adequate protection in several ways, including an allowance of an administrative expense priority claim in favor of FCE. The court finds that a negotiated cash collateral order itself, that provides specific and multiple forms of adequate protection, falls within the "other relief" provided for under Section 1205(b)(4). In other words, "other relief" under Section 1205(b)(4) includes specifically negotiated adequate protection relief as long as that relief does not conflict with other provisions of the Bankruptcy Code. *Glob. Prot. USA, Inc.*, 546 B.R. at 607.

The Debtors now, at this late stage and only after confirmation of the original plan failed and confirmation of a modified plan is at stake, argue that despite specifically negotiating for the allowance of an administrative expense priority claim, FCE is not entitled to payment of an administrative claim because the cash collateral order conflicts with Section 1205(b)(4). They argue that the section clearly excludes as adequate protection compensation allowable under Section 503(b)(1) as an administrative expense. The Debtors only cite *Collier on Bankruptcy* in support of their position. They concede that they have found no case law to support this position and indeed, the court has been unable to uncover any.

Unfortunately, the court does not agree with the Debtors' reading of the statute and their cited portions of *Collier on Bankruptcy* are certainly not persuasive. In fact, the materials cited do not stand for the proposition that Section 1205(b)(4) specifically excludes payment of an administrative expense claim. Instead, the court reads paragraph 4 as providing that relief other than an administrative claim can also be provided. Indeed, this reading is consistent with the materials cited by the Debtors that Section 1205(b)(4) "is intended to give the court considerable flexibility in developing other methods of providing adequate protection of an interest in property." 8 *Collier On Bankruptcy* ¶ 1205.07 (Alan N. Resnik & Henry J. Sommer eds., 16th ed.).

Furthermore, the Debtors overlook ¶ 1205.03 *Section 1205(b) Generally,* which helps us to better understand the language of Section 1205(b)(4). The section states in relevant part: "[i]n addition, the fourth alternative makes clear that the court's providing a creditor with an administrative expense priority is insufficient to constitute adequate protection of an interest in property." 8 *Collier On Bankruptcy* ¶ 1205.03 (Alan N. Resnik & Henry J. Sommer eds., 16th ed.). The court reads this, read together with the other *Collier* materials, to mean Section 1205(b)(4) provides flexibility in fashioning adequate protection in chapter 12 cases because Congress determined that an administrative expense priority claim alone was not enough. Section 1205(b)(4)

certainly does not explicitly prohibit the payment of an administrative expense priority claim. Rather, it simply provides a basis for relief other than an administrative expense priority claim if such a claim is insufficient to constitute adequate protection. Nevertheless, flexibility undoubtedly has to allow for experienced parties to negotiate and consent to multiple adequate protection terms in a cash collateral order and those terms be deemed "other relief" for purposes of Section 1205(b)(4).

The Debtors also suggest that an administrative expense priority claim is not necessary because FCE is adequately protected by cash payments and replacement liens. This argument ignores the basic principal that parties are bound by the contracts they create. *In re Baptiste*, 430 B.R. 507, 510 (Bankr. N.D. Ill. 2010). Here, the cash collateral order unambiguously and without any reference to the other relief provided, allows for an administrative expense priority claim in favor of FCE. To accept the Debtors argument would be to set aside the fully negotiated and clear terms of the cash collateral order which this court will not do.

Finally, the Debtors are judicially and equitably estopped from arguing against the allowance of an administrative expense priority claim in favor of FCE. *New Hampshire v. Maine*, 532 U.S. 742 (2001). The Debtors cannot, in an effort to obtain use of cash collateral, negotiate and offer the administrative claim, use that cash collateral, and when their case may fail as a result of their negotiated deal, argue that the claim is not allowed under Section 1205(b)(4). To allow such a result would be offensive to this court. The court is further persuaded by the reasoning in *In re Kids Creek Partners, L.P.*, 233 B.R. 409 (N.D. Ill. 1999). In that case, the district court affirmed the bankruptcy court's finding that the chapter 7 trustee was barred from subsequently asserting that superpriority administrative claim, to which he and the secured creditor had negotiated and incorporated into bankruptcy court's order, was not authorized under the bankruptcy code "by the doctrines of 'mend the hold,' equitable estoppel, and judicial estoppel." *Id.* at 419. "The 'mend the hold' doctrine provides that a party to a contract cannot take inconsistent positions in litigation over the contract," and it "extends to situations where a position taken in prior dealings with a party to a contract is inconsistent with a position taken during litigation." *Id.* at 421 (original citation omitted). The bankruptcy court found that the doctrine was also applicable to the bankruptcy court's order, which was an agreed order, because "the Order was in the nature of a contract and the general principals of contract law including the 'mend the hold doctrine' may apply." *Id.* at 422 (original citation omitted). Accordingly, the trustee was barred from challenging the claim. The circumstances of this case, warrants the same result.

### VI.    CONCLUSION

Accordingly, the Motion to Compel Payment of Administrative Expenses filed by FCE is granted.

An appropriate judgment has been entered consistent with this decision.

The court reserves the right to revise its findings of fact and conclusions of law.

Dated: December 8, 2017
/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge